## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| EDUARDO G. CAMACHO, As Trustee of the Eduardo G. Camacho Trust, | Civil Case No. CV0294-19 |
| Plaintiff, | **DECISION AND ORDER** Motion to Set Aside Entry of Default & Request to Enter Default |
| vs. | |
| LUIS W. CAMACHO, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 11, 2020 for a motion to set aside an entry of default. The motion was filed by Defendant **Luis W. Camacho** ("Luis"), who appeared *pro se*. Default was entered in favor of Plaintiff **Eduardo G. Camacho, as Trustee of the Eduardo G. Camacho Trust** ("Eduardo" or "the Trust"), who is represented by Attorney Joyce C.H. Tang ("Tang"). After review of the legal arguments and authorities presented by the parties, the Court hereby **DENIES** both the Motion to Set Aside Clerk's Entry of Default and the Request to Enter Default on Counterclaim Complaint.

## BACKGROUND

This matter arises from an agreement over property interests initially probated to Luis from his grandmother's estate, Alfonsina Sgambelluri Walters. According to the agreement, the Trust would purchase Luis's 7.5% estate interest for $50,000.00, who in turn would discharge the Trust from any present or future causes of action, both known or unknown. Complaint ¶ 21 (Mar. 26,

2019). The assignment and release agreements were executed on December 8 and 9, 2010. Decision and Order at 2 (Dec. 26, 2019). In June 2018, Luis learned of the pendency of another estate and suspected the Trust had negotiated with him in bad faith back in 2010, which then prompted him to assert his interests at that estate's final distribution hearing.[1] *Id.* at 4.

On March 26, 2019, Eduardo filed a Complaint against Luis for contravention of the agreement. Luis responded on April 16, 2019 with a Motion for Dismissal of Entire Action with Prejudice ("Motion to Dismiss") under Guam's Citizen Participation in Government Act ("CPGA"), also known as an Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute.[2] On December 26, 2019, the Court issued a Decision and Order denying Luis's Motion to Dismiss, which entered the docket on December 30, 2019. Dec. & Order; Notice of Entry on Docket (Dec. 30, 2019).

On January 15, 2020, Luis emailed Attorney Tang his Answer to the Complaint. Email String re Answer, Ex. D (Feb. 20, 2020); Answer (Jan. 28, 2020). Attorney Tang replied on January 27, 2020, stating she could not find Luis's Answer on the court docket as it was not filed. Ex. D. Luis stated his Answer was in transit to the Superior Court as he mailed it last week. *Id.* He then added, "Also according to rules it had to be served not filed." *Id.* An offer to compromise was emailed to Luis on January 29, 2020, to which he acknowledged receipt but did not otherwise respond. Offer to Compromise, Ex. C (Feb. 20, 2020). Luis's Answer was received and filed by the Superior Court on January 28, 2020.

On February 3, 2020, Eduardo filed a Request for Entry of Default and supporting affidavit. Superior Court Clerk Betty T. Mesa entered Luis's default on February 5, 2020 for failure "to plead or otherwise defend against the [Trust's] Complaint filed on March 26, 2019 . . . ." Entry of Default (Mar. 26, 2019). On February 6, 2020, Luis spoke with the clerk and learned she failed to check whether Luis's Answer was filed and instead solely relied on Attorney Tang's affidavit which stated it had not. Letter to Clerk, Ex. F. (Feb. 20, 2020); Tang Affidavit at ¶ 6 (Feb. 3, 2020). On February 11, 2020, Luis filed a Request to Enter Default on Counterclaim Complaint

---

[1] The final distribution was for the Estate of Marcello Sgambelluri, Alfonsia S. Walter's father. Dec. & Order at 3.
[2] Luis's Motion to Dismiss is brought under 7 Guam Code Annotated ("GCA") § 17101 *et seq.* (2005) and Guam Rules of Civil Procedure ("GRCP") 12(b)(6) (2014). Although Luis cites GRCP 56, it is only referenced once as an evidentiary standard – not a defense. *See* Mot. Dismiss at 11.

against Eduardo ("Request to Default"). According to the tracking information provided by Luis, the United States Postal Service ("USPS") accepted Luis's Answer on January 22, 2020 at 5:36 p.m., which was filed by the Superior Court on January 28, 2020 at 4:41 p.m. Luis Errata (Mar. 12, 2020); Answer (Jan. 28, 2020). In response to the clerk's Entry of Default, Luis filed a Motion to Set Aside Clerk's Entry of Default. Mot. Set Aside (Feb. 20, 2020). A default hearing was held on February 27, 2020, where the Court permitted the parties to file responses. Minute Entry (Feb. 27, 2020); Opp'n (Mar. 13, 2020); Reply (June 9, 2020). Oral arguments were heard on June 11, 2020, where the Court took the matter under advisement.

## DISCUSSION

The Court evaluates the instant motion with due regard to the less stringent standard set forth by the Supreme Court of Guam. Though the distinct concepts of default and default judgments must be treated separately, the Supreme Court held that "due to the parallels between entries of default and default judgments, in reviewing entries of default courts will look to the same grounds that are relevant in considering whether to set aside a default judgment." *Adams v. Duenas*, 1998 Guam 15 ¶ 5 (citing *U.S. v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944 (N.D. 1975). Hence, courts are "less rigorous when examining a motion to set aside entry of default than for default judgments . . . ." *Id.* It is with this framework in mind that the Court analyzes the following issues.

**I. Luis's Motion to Set Aside Entry of Default Is Denied for Lack of Good Cause.**

Guam Rules of Civil Procedure ("GRCP") provides, "For good cause shown, the court may set aside an entry of default . . . ." GRCP 55(c). Accordingly, trial courts are given "broad latitude" in deciding whether to grant or deny relief from judgment. *Midsea Industrial, Inc. v. HK Engineering, Ltd*, 1998 Guam 14 ¶ 4 *and Adams*, 1998 Guam 12 ¶¶ 5, 10.[3] Guam has adopted the test developed by the Ninth Circuit Court of Appeals for default judgments and applied it to the ancillary matter of entries of default. *See Midsea Indus.*, 1998 Guam 14 ¶ 15 (citing *Falk v. Allen*,

---

[3] Relief from judgments and orders are reviewed under abuse of discretion, *e.g., Rong Chang Company, Ltd., Inc. v. M2P, Inc.*, 2012 Guam 1 (reviewing motion to set aside judgment); *Melwani v. Arnold*, 2010 Guam 7 ¶ 12 (reviewing motion for relief of default judgment); *Duenas v. Brady*, 2008 Guam 27 ¶ 9 (reviewing motion to set aside prior dismissal). "A trial court abuses its discretion when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which the judge could have rationally based the decision." *Town House Dep't Stores, Inc., v. Ahn*, 2003 Guam 6 ¶ 27 (citing *Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 11).

739 F. 2d 461 (9th Cir. 1984); *Alan Neuman Productions, Inc. v. Albright*, 862 F. 2d 1388, 1392 (9th Cir. 1988); *Price v. Seydel*, 961 F. 2d 1470, 1473 (9th Cir. 1992)). *See also Adams*, 1998 Guam 15 ¶ 5. A court will deny a motion to set aside default judgment if: "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Adams*, 1998 Guam 15 ¶ 5. The elements are applied "disjunctively rather than as a balancing test," and so a finding of one will suffice a denial to set aside. *Duenas v. Brady*, 2008 Guam 27 at n.4; *Cassidy v. Tenorio*, 856 F. 2d 1412, 1415-16 (9th Cir. 1988). *See Midsea Indus.*, 1998 Guam 14 ¶ 5. However, as default judgments are generally disfavored; courts are encouraged to decide a case on its merits whenever possible. *Adams*, 1998 Guam 15 ¶ 5 (citing *Midsea Indus.*, 1998 Guam 14 ¶ 5).

**A. No Good Cause Exists Since Luis Was Culpable in His Default.**

A defendant's conduct is culpable in leading to an entry of default when "he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Alan Neuman Productions Inc. v. Albright*, 862 F. 2d 1388, 1391-92 (9th Cir. 1988) (emphasis added). Intentional is more than just "a conscious choice[;]" it is one that is "willful, deliberate, or evidence of bad faith." *TCI Group Life Ins. Plan v. Knoebber*, 244 F. 3d 691, 697 (9th Cir. 2001) (citing *American Alliance Ins. v. Eagle Ins. Co.*, 92 F. 3d 57, 61 (2nd Cir. 1996)), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Simple carelessness is not sufficient to characterize conduct as culpable. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . ." *Id.* Equitable factors considered, failure under these standards would not be deemed culpable or inexcusable. *Id.*

Eduardo argues Luis's actions were culpable as he had ample time to respond to the Complaint, but failed to do so in a timely manner. Opp'n at 5. He argues that Luis, as a trained lawyer of twenty-seven years, knew or should have known the proper procedures for responding to a complaint, which includes meeting deadlines consistent with local civil procedures. Opp'n at 4. Luis argues there is no culpable conduct to scrutinize as his Answer was not untimely to begin

with. Mot. Set Aside at 7; Reply at 3. He asserts that he had not defaulted as a matter of fact and law under GRCP 55(a) and *U.S. v. Smith*. Reply at 2-3; 212 F.R.D. 480, 481 (M.D.N.C. 2002).

**1. The Proper Standard for Responsive Pleadings.**

To examine whether culpable conduct existed, the Court must first clarify which pleading standard applied. Luis's argument relies on GRCP 12(a), which states, "a defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant . . . ." GRCP 12(a). However, a further review of that same subsection indicates some motions and pleadings may subscribe to a different timeline, to wit: "[I]f the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action." GRCP 12(a)(1). The preceding is exactly the case here; therefore, Luis had ten days after notice of the Court's December 26, 2019 Decision and Order to submit his responsive pleading.

Luis also supports his contention of a twenty-day deadline by comparing his Motion to Dismiss, *i.e.*, his Anti-SLAPP motion, against the procedural requirements of summary judgments. He claimed that because an Anti-SLAPP motion is treated "as one for summary judgment[,]" service should be made pursuant to summary judgment procedure. 7 GCA § 17106. The Court finds this analogy nonsensical as it attempts to ascertain ministerial rules from a subsection in which none are found.

Guam's CPGA statute is not limited to motions to strike. *Accord.* 7 GCA § 17105 ("This Chapter applies to any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to or is in response to any act of the moving party in furtherance of the moving party's rights as described in § 17104") *and* § 17103(d) ("Motion includes any motion to dismiss, for summary judgment, for judgment on the pleadings, to strike, demurrer, or any other judicial pleading filed to dispose of a judicial claim") (internal quotations omitted). Luis urges this Court to treat his Motion to Dismiss not as one under GRCP 12 but as a special motion to strike as he "substantially based [it] on 7 GRCP [sic] § 17101 *et seq.*" Mot. Set Aside at 6-7. However, this would disregard the actual statutes Luis based his arguments on which are 7 GCA § 17101 (CPGA) and GRCP 12(b)(6) (dismissal for failure to state a claim on which relief can be granted).

Essentially, Luis's approach is tantamount to cherry-picking rules by name rather than substance.

Because Luis sought dismissal on GRCP 12(b)(6), applying its standards would not erroneous. This is supported by the veritable text of GRCP 12 and its federal counterpart that is Federal Rules of Civil Procedure ("FRCP") 12.[4] GRCP 12(a) (titled "When Presented") references the time a motion shall be presented, which mirrors FRCP 12(a) (titled "Time to Serve a Responsive Pleading"). Likewise, a further reading of FRCP 12(a) delineates the "Effect of a Motion" which states, "Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]" FRCP 12(4). Moreover, FRCP 12(d) confirms that the treatment of a motion "as one for summary judgment" is an evidentiary standard, not a general one.[5] Accordingly, 7 GCA § 17106 dictates the treatment of contradictory facts offered in Anti-SLAPP motions, not the treatment of Anti-SLAPP motions in its entirety. *Cf. Browne v. McCain*, 611 F. Supp. 2d 1062, 1067 (C.D. Cal. 2009) ("The trial court then evaluates the merits of the [SLAPP] lawsuit using a summary judgment-like procedure") (citation omitted) *and Garcia v. Rosenberg*, 42 Cal. App. 5th 1050, 1058, *reh'g denied* (Dec. 23, 2019) ("[T]he Legislature did not intend that a court, in ruling on a motion to strike under [the anti-SLAPP] statute, would weigh conflicting evidence to determine whether it is more probable than not that plaintiff will prevail on the claim, but rather intended to establish a summary-judgment-like procedure available at an early stage of litigation that poses a potential chilling effect on speech-related activities. [Citation.] [T]he court's responsibility is to accept as true the evidence favorable to the plaintiff") (alterations in original) (citation omitted). In sum, Anti-SLAPP motions still subscribe to GRCP 12 when circumstances require it. Luis's responsive pleading was subject to a ten-day deadline under GRCP 12(a)(1) since the preceding circumstance was the denial of his Motion to Dismiss. Thus, Luis's Answer was due January 10, 2020.[6]

---

[4] GRCP 12 credits FRCP 12 (2003) as a source.

[5] *See* FRCP 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion").

[6] When computing a period of time under GRCP, "[t]he day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, a legal holiday[,] . . . in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate

## 2. The Culpable Conduct in Entry for Default.

The Court finds Luis's actions were culpable in his default as he did not take the necessary care and action in the days leading up to the January 10, 2020 deadline. His fundamental misinterpretation of GRCP 12 cannot be excused under the guise of ignorance considering his former training and experience as a lawyer. Luis argues his Answer was "timely served on January 13, 2020" based on his interpretations of GRCP Rule 12(a) and 7 GCA § 17106(a).[7] Mot. Set Aside at 7. However, as the proper deadline for service was ten days, Luis's Answer was not only untimely, it was improperly served as well.

Luis's reliance on GRCP Rule 12(a) and 7 GCA § 17106(a) is heavily misplaced and his interpretation of it grievously mistaken. GRCP 12(a) requires an answer to be served within twenty days after the service of the *summons and complaint*. Factually, Luis ought to be aware Rule 12(a) did not apply to him as the Summons and Complaint were filed back in March 2019. Summons (Mar. 26, 2019); Compl. Moreover, his Motion to Dismiss was an intervening pleading which should have warned Luis that a different timeframe would apply. Luis's Motion to Dismiss came fourteen business days after the Complaint. His Answer was not emailed to Eduardo until January 15, 2020. Even if the Court were to assume Luis was served on April 16, 2019 at the very latest, an end date of January 15, 2020 is still outside any twenty-day deadline. The Court issued its Decision and Order denying Luis's Motion to Dismiss on December 26, 2016; hence, Luis was noticed that day. Because Luis's service occurred after the ten-day deadline, his Answer is untimely under GRCP 12(a)(1).

Although Luis alleges his Answer was served January 13, 2020, under his interpretation, service actually occurred on January 15, 2020 at 11:54 a.m. (Guam time) as his email was sent January 14, 2020 at 5:54 p.m. (California time). Mot. Set Aside at 7; Email Thread re Answer, Luis Ex. D; Luis Errata, Ex. C. As previously mentioned, Luis committed two errors when serving his Answer: one for time of service and the other for its method. "[E]very order required by its terms to be served, every pleading subsequent to the original complaint . . . shall be served on each

---

Saturdays, Sundays, and legal holidays shall be excluded in the computation. . . . '[L]egal holiday' includes New Year's Day . . . ." GRCP 6.

[7] *Supra* "The Responsive Pleading Standard," Part A.

of the parties." GRCP 5(a). Guam permits service by:

A. Delivering a copy to the person served by:
   i. handing it to the person;
   ii. leaving it at the person's office with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office; or
   iii. if the person has no office or the office is closed, leaving it at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.
B. Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.
C. If the person served has no known address, leaving a copy with the clerk of the court.
D. Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

GRCP 5(b)(2). Here, Luis mailed his Answer to Attorney Tang no earlier than January 14, 2020 at 3:10 p.m., which is outside the ten-day deadline. Luis's emailed Answer was also improperly served as Attorney Tang did not consent to electronic service as required by GRCP 5(b)(2)(D). Opp'n at 3. Thus, the Court finds Luis was culpable in leading to his default as his numerous errors were fatal to his cause.

### 3. The Defaulter's Excusable or Inexcusable Neglect.

A defendant's culpable conduct does not necessarily foreclose relief from judgment if the conduct constitutes "excusable neglect." Determining excusable neglect in missing a filing deadline depends upon the "relevant circumstances surrounding [that] party's omission[,]" which includes: (a) "the danger of prejudice to the [innocent party]," (b) "the length of the delay and its potential impact on judicial proceedings," (c) "the reason for the delay, including whether it was within the reasonable control of the movant" and "whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F. 3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993).

The Court finds Luis's reason for delay outweighs written analysis of the other negligible factors. In examining the reason for delay, "a party's failure to file on time is *not* "neglect" if the cause is beyond its control; the rule only concerns negligence, carelessness, *etc.*" *Briones*, 116 F. 3d at n.1 (quoting *Pioneer Inv.*, 507 U.S. at 393-95). Here, the delay was within Luis's control as

there was no intervening factors or evidence which states the contrary. The fact of the matter is Luis belatedly served Eduardo his Answer because he mistakenly interpreted the law. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable neglect'" *Briones*, 116 F. 3d at 382 (citing *Pioneer Inv.*, 507 U.S. at 392) (emphasis added). Although not a bright-line rule, "a late filing will ordinarily not be excused by negligence." *Id. Cf. Kyle v. Campbell Soup Co.*, 28 F. 3d 928, 931 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994) ("By contrast, counsel in this matter committed a mistake in interpreting and applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were *not* ambiguous") (emphasis added). Here, the Court finds GRCP 12 is unambiguous in its language and thus will not excuse Luis's negligence. GRCP 12 is not novel law; it closely resembles FRCP 12–a basic pleading procedure every lawyer should not be unfamiliar with. *Cf. Kyle*, 28 F. 3d 928 at 931-32 ("[C]ounsel has not presented a persuasive justification for his misconstruction of nonambiguous rules. Accordingly, there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect.")

### 4. The Standards of a *Pro Se* Lawyer.

Luis claims that as a *pro se* defendant, he should not be held to the same standard as an attorney since he is not licensed to practice in Guam and in California.[8] Reply at 4. The Court is not persuaded. Although "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[,]" Luis is no ordinary *pro se* defendant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See Klayman v. Barmak*, No. 08-1005 (JDB), 2009 WL 4722803, at *1 (D.D.C. Dec. 4, 2009) ("After all, the plaintiff here is no ordinary pro se litigant: an experienced attorney, he has appeared as counsel in dozens, if not hundreds, of federal cases") *and Klayman v. Judicial Watch, Inc.*, ("Klayman is 'an experienced, licensed attorney' who, as an officer of the court, should 'be well aware of his obligations to timely respond to dispositive motions')" 628 F. Supp. 2d 112, 122 n. 6 (D.D.C.2009)). Luis was admitted to the State Bar of California on December 28, 1992 and has practiced law in California for some years.

---

[8] The Court questions Luis's claims of "not practic[ing] law in California" as his correspondences to the Court and opposing counsel use letterheads marked, "Camacho & Associates Attorneys at Law 85 Liberty Street No. 1 San Francisco, California 94110." *See* Letters from Luis (Jan. 28, 2020; Feb. 11, 2020) *and* Cover Letter (Feb. 20, 2020).

Opp'n at 5. Even if this Court were to hold Luis to a less stringent standard, it does not excuse him from proper filing procedures of the jurisdiction he avails himself to. "*Pro se* litigants must follow the same rules of procedure that govern other litigants." *Agravante v. Japan Airlines Int'l Co., Ltd.*, No. 04-00036, 2006 WL 3329689, at *2 (D. Guam Nov. 15, 2006) (quoting *King v. Atiyeh*, 814 F. 2d 565, 567 (9th Cir. 1986)). *See Jacobsen v. Filler*, 790 F. 2d 1362, 1364-65 (9th Cir. 1986) (stating that "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record").

It was Luis's conscious decision, as an unlicensed lawyer, to file *pro se* in a jurisdiction he claims unfamiliarity with; thus, he cannot now assert it as a shield for his mistakes. *See Brown v. Eastman Kodak Co.*, 2000 Guam 30 ¶ 28 ("[A] client may not seek to avoid acts and omissions of freely-chosen counsel.") *See also Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.")

Because Luis's Answer did not conform to local civil procedure, this Court has discretion to deny its consideration. Guam Civil Rule ("CVR") 7.1(f) states, "Papers not timely filed by a party including any memoranda or other papers required to be filed . . . shall not be considered without leave of court." The *Midsea* court "determined it was within the trial court's discretion to grant relief when failure to meet a deadline could be attributed to the party's attorney." 1998 Guam 14 at ¶¶ 7-9. "While courts favor disposition of cases on their merits, this factor 'should not be used defensively as a shield by a passive [p]laintiff who has failed in his obligation to prosecute the defendants with the vigor expected of a plaintiff.'" *Lujan v. McCreadie*, 2014 Guam 19 ¶ 21 (quoting *Guam Econ. Dev. Auth.*, 2013 Guam 12 ¶ 43). Ignorance of the law excuses no one. "[W]hen a conscious decision has been made by counsel, ignorance of the law 'is not the sort of 'excusable neglect' contemplated by [FRCP 60(b)] as ground for vacating an adverse judgment." *U.S. v. Erdoss*, 440 F. 2d 1221, 1221 (2nd Cir. 1971), *cert. denied, Horvath v. U.S.*, 404 U.S. 849 (1971). *Cf. May v. People of Guam*, 2005 Guam 17 ¶ 28 (noting the defendant's ignorance of the law did not justify his untimely petition of twenty-four years) *and Ignacio v. People*, 2012 Guam 4 ¶¶ 38 (acknowledging the same for an untimely petition of six-years). Luis's actions constituted

inexcusable neglect when his untimely response was due to his mistaken interpretation of Guam law; thus, the Court finds sufficient grounds to deny Luis's Motion to Set Aside. Although further examination is unnecessary due to the test's disjunctive nature, this Court will, nevertheless, analyze the remaining elements of meritorious defense and prejudice to plaintiff. *Cassidy*, 856 F. 2d at 1415 (citations omitted). *See Mariano v. Surla*, 2010 Guam 2 ¶ 37 (stating "[B]ecause we find [the defendant's] culpable conduct led to the entry of default judgment establishing his liability, we need not examine the remaining *Midsea* factors") (citation omitted).

**B. No Good Cause Exists Since Luis Lacks a Meritorious Defense.**

A meritorious defense exists when a defendant can "present specific facts that would constitute a defense if the litigation was permitted to proceed." *TCI Grp.*, 244 F. 3d at 700 (citation omitted). A court "must determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Midsea Indus.*, 1998 Guam 14 ¶ 10 (citing *Hawaii Carpenters' Trust Funds v. Stone*, 794 F. 2d 508, 513 (9th Cir. 1986); *INVST. Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F. 2d 391, 400 (6th Cir. 1987)). A meritorious defense is not measured by the likelihood of success; instead it "is sufficient if it contains 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *INVST Fin.*, 815 F. 2d at 399 (quoting *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F. 2d 372, 374 (D.C. Cir. 1980)). The party seeking to vacate the default carries the burden of proof. *TCI Grp.*, 244 F. 3d at 700 (citation omitted). This burden is not high; it only requires a showing of facts or laws demonstrating "a sufficient defense is assertible." *Id.* (quoting *In re Stone*, 588 F. 2d 1316, 1319 n.2 (10th Cir. 1978). It is beyond the scope of a court to probe into the accuracy of the facts alleged as that "question would be the subject of the later litigation." *Pacific Renewable Energy Solutions, Inc. v. Sedna Aire Americas, LLC*, No. 11-00019, 2013 WL 1352063, at *5 (D. Guam Apr. 2, 2013) (citations omitted).

Eduardo argues Luis has no meritorious defense as he failed to make such arguments in his Motion. Opp'n at 5-6. The Court agrees. In fact, Luis's Motion and Reply are devoid of any substantive arguments proving a meritorious defense. CVR 7.1(c) mandates that a moving party submit "a memorandum in support thereof containing the points and authorities upon which [he]

relies, including citations[.]" Luis's Motion largely argues legal inaccuracies and factual misrepresentations by the Trust. His cited authorities only pertain to arguing against untimeliness. When brought to his attention, Luis claims, "This is untrue. The court received Luis'[s] meritorious defenses when his answer was filed on January 28, 2020. The answer was also attached as Exhibit 1 to Luis'[s] supporting declaration, so the court has been presented with meritorious defenses twice." Reply at 4. The Court disagrees. To prevail, Luis must assert specific facts that would constitute a complete defense; yet, he does no such thing. *See TCI Grp.*, 244 F. 3d at 700 (citation omitted). "'[M]ere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense' are . . . insufficient to justify upsetting the underlying judgment." *Cassidy*, 856 F. 2d at 1415 (alteration in original) (citation omitted). Specific facts must be presented through "any affidavits or declarations under penalty of perjury sufficient to support any material factual contentions permitted by the GRCP." CVR 7.1(c). As the moving party, Luis carries the burden of proof. Yet, like the Motion, his declarations only allege facts relevant to timeliness or supposed misrepresentations by Attorney Tang. Luis Declaration (Feb. 20, 2020). Moreover, several affirmative defenses even fail to satisfy basic pleading requirements. GRCP 9(b) states "circumstances constituting fraud or mistake shall be stated with particularity[;]" yet Luis's affirmative defenses of Unilateral Mistake, Mutual Mistake, Fraud and Deceit, and Fraudulent Inducement do not. Answer at 2, 4.

Luis offers no argument, evidence or authority to support a finding of a meritorious defense. *See* Answer at 2, 4. *Cf. Cassidy*, 856 F. 2d at 1416 (finding fraud and undue influence did not exist when party failed to provide explanation or evidence of fraud). He merely states that one exists. Reply at 4. "Such a naked, conclusory allegation, without a statement of underlying facts which tend to support such an allegation, is insufficient to make out a colorable claim to a meritorious defense." *Cassidy*, 856 F. 2d at 1416 (citing *Stone*, 588 F. 2d 1316, 1319 (10th Cir. 1978). A court does not sit on both sides of the bench–its duty is not to advocate, but to preside. The court in *Lamb v. Hoffman* states:

> It is not sufficient for a party "simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.

2008 Guam 2 ¶¶ 34-35 (citing *Wilson v. Taylor*, 577 N.W. 2d 100, 105 (Mich. 1998) (quoting *Mitcham v. Detroit*, 94 N.W. 2d 388 (Mich. 1959))). Luis's Answer lacks substance and effort in arguing a meritorious defense; thus, the Court finds sufficient grounds to deny Luis's Motion to Set Aside. Furthermore, it has not escaped the Court's attention that Luis's Answer attempts to reargue matters already disposed of. Because therein lies a connection between the second and third elements, it will be discussed in further detail below.

## C. No Good Cause Exists Since Eduardo Would Suffer Undue Prejudice.

A court may decline to set aside default if the plaintiff would suffer undue prejudice from vacation of that judgment. *Adams*, 1998 Guam 15 ¶ 5. Generally, courts will determine whether prejudice exists at the time the party moves to set aside the default. *Midsea Indus.*, 1998 Guam 14 ¶ 14 (citing *Cribb v. Matlock Communications, Inc.*, 768 P. 2d 337, 340 (Mont. 1989)). To determine prejudice, a court must consider whether the "[plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F. 2d at 463 (alteration in original) (citation omitted). *See Pac. Renewable Energy Sols.*, 2013 WL 1352063, at *6 (citing *TCI Grp.*, "Being forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." 244 F. 3d at 701). Prejudice to a plaintiff requires more than mere delay as delay is inherent in motions for relief from judgment. *TCI Grp.*, 244 F. 3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.") *See Midsea Indus.*, 1998 Guam 14 ¶ n.4 (acknowledging the trial court's finding that the possibility of prejudice is inherent in GRCP 60(b) motions). A delay becomes prejudicial when "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Pac. Renewable Energy Sols.*, 2013 WL 1352063, at *6 (citing *TCI Grp.*, 244 F. 3d at 701) (citation omitted). A plaintiff cannot argue "that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations." *Midsea Indus.*, 1998 Guam 14 ¶ 16. Likewise, a defendant cannot "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." *Id.*

Eduardo argues it would be unduly prejudiced because Luis has no meritorious defense. Opp'n at 6. His argument is based on a decision from the District Court of Georgia, which states:

[T]he court reasoned that where it is clear that no meritorious defense exists, the

delay in vindicating the plaintiffs rights amounts to an undue prejudice. 68 F.R.D. at 235. In addition, this court concludes that the expense a plaintiff incurs in prosecuting a suit in which the defendant has defaulted and presented no meritorious defense, unduly prejudices the plaintiff. In this case, since Rubin [the defendant] has failed to assert a meritorious defense and since Turner would experience delay and incur additional expenses in proceeding against [the defendant], this court finds that [the plaintiff] would suffer prejudice if the entry of default was set aside.

*Turner Broad. Sys. Inc., v. Sanyo Elec., Inc.*, 33 B.R. 996, 1003 (N.D. Ga. 1983) (citing *Rasmussen*, 68 F.R.D. 231, 235 (N.D. Ga. 1975). Here, the Court finds that the possible prejudice suffered by Eduardo would not be based on just mere delay, but instead a combination of unnecessary delay and a lack of meritorious defenses. The Court recognizes it is not bound to the authority in *Turner Broad. Sys.* but still finds the reasoning persuasive. Furthremore, adhering to its reasoning does not contravene Guam precedent. In *Brown*, the Supreme Court of Guam found, "[I]n both this case and in *Midsea* the party alleged extraordinary circumstances suggesting that the party is faultless for the delay. While it was a closer call in *Midsea*, this jurisdiction shall favor adjudication on the merits where the *party opposing set-aside can show no prejudice.*" 2000 Guam 30 ¶ 37 (comparing *Midsea Indus.*, 1999 Guam 14 ¶ 9 ("holding that it was not an abuse of discretion to grant set-aside when no prejudice to the opposing party can be shown"). In this matter, Eduardo suffers prejudice because nothing suggests that a full trial on the merits would result in something different than one achieved by default. *Id.* at ¶ 10 (citations omitted).

Beyond Luis failing to argue a meritorious defense, the arguments he *has* presented the Court with have already been heard and disposed of. Luis's second, third, fourth and twentieth affirmative defenses were previously addressed in this Court's earlier Decision and Order. *See generally* Dec. & Order. For instance, Luis's Answer continues to allege conduct that "chill [Luis's] right to challenge the Release and Assignment before the probate court" or "chill [Luis's] right to seek rescission of the release and assignment. *See* Answer at 4. Yet, this Court has already found that CPGA does not apply to Luis's causes of actions. *See* 7 GCA § 17102(a)(6) (pertaining to lawsuits which intent to "censor, chill, intimidate, or punish citizens . . . for involving themselves in public affairs.) Thus, to allow previously-decided issues to masquerade as arguments only gives the façade of a trial on the merits without actually being one. In actuality, Eduardo would only be accruing attorney's fees for disputing arguments of bare conclusions. The Court

finds this improper. Luis, as a *pro se* defendant, has the faculty for limitless litigation as he has the knowledge and resources to file everything under the sun–asserting twenty-six affirmative defenses and five counterclaims.[9] *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485–86 (2008) (noting the rule permitting relief from judgment may not be used to re-litigate old matters that could have been raised prior to the entry of judgment). Hence, Eduardo's undue prejudice is not just a delay in proceedings, but also his expense of time and money in arguing against superfluous defenses and counterclaims, which are ultimately without merit. Because Luis has no meritorious defenses, a delay in proceedings would be unduly prejudicial as a full trial on the merits amounts to nothing more than costly procedural posture. Thus, the Court finds sufficient grounds to deny Luis's Motion to Set Aside.

**II. Luis's Request to Enter Default and for Sanctions Is Denied for Impropriety.**

Luis argues Attorney Tang should be sanctioned for bad faith as her motive for requesting his default was actually a tactical move to avoid responding to Luis's Answer. Mot. Set Aside at 9; Reply at 4-5. He also argues Eduardo's default should be entered as he failed to timely respond. Request Default at 1. The Court declines to hold this view. Because the clerk's entry of Luis's default was proper, the Court fails to find any evidence of misrepresentation or bad faith by Attorney Tang. Thus, Luis's request for Eduardo's default and sanctions against Attorney Tang are both denied.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** both the Motion to Set Aside Clerk's Entry of Default and the Request to Enter Default on Counterclaim Complaint.


**SO ORDERED** this ___20___ day of July 2020.



_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

---

[9] Luis's affirmative defenses skips twenty-two and twenty-three. Answer at 5.